UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

JEFFREY L. McCULLAR,

        Plaintiff,

    v.                                          Case No. 04-C-1188

DEPARTMENT OF CORRECTIONS,
MILWAUKEE COUNTY CIRCUIT COURTS,
JEAN DIMOTTO, KELLY HEDGE,
ELEANOR SWOBODA, SUED AS: ELEANOR SWOBOTA,
DEBORAH L RYCHLOWSKI,
PAUL M. FRANCES, JAMES E. SPANGBERG,
LEPOSAVA MUNNS, JEFFREY P. ENDICOTT,
CAROL BRIONES, CHARLES WILLIAMS,
DR TREEGOING, AND MEDICAL STAFF,
MARY GRUENEBERG, JANET L. BARNES,
JEAN KLANN, AUDREY SKWIERAWSKI,

        Defendants.

---

DECISION AND ORDER GRANTING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT ON OR BEFORE MAY 10, 2005, DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DOC. # 3), AND DENYING AS MOOT PLAINTIFF'S MOTION FOR TRIAL (DOC. # 4)

        Plaintiff, Jeffrey L. McCullar, has filed a complaint under 42 U.S.C. § 1983, as well as a petition to proceed in forma pauperis under 28 U.S.C. § 1915. Based on his financial affidavit, it appears that McCullar is unable to prepay the full filing fees and costs of starting this lawsuit. However, many of his claims are barred by Wisconsin's six-year limitations period. The bases for the remaining claims cannot be discerned. Therefore, the court will require McCullar to file an amended complaint.

In addressing any pro se litigant's complaint, the court must liberally construe the allegations, *Haines v. Kerner*, 404 U.S. 519, 521, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), and grant leave to proceed if there is an arguable basis in law or fact for a claim. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). However, if the action is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief, the case must be dismissed pursuant to 28 U.S.C. § 1915.

First, McCullar alleges that he was denied adequate medical care at Dodge Correctional Institution, and that he was transferred from Dodge to Columbia Correctional Institution on November 3, 1998, improperly. Also, he alleges that he was assaulted by a cellmate on November 11, 1998, at Columbia Correctional Institution, and that he was issued a ticket for disorderly conduct when he reported his injuries.

The limitations period in a § 1983 case is governed by the personal injury laws of the state where the injury occurred. *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004) (citing *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). Section 1983 claims are subject to Wisconsin's six-year personal rights statute of limitations, Wis. Stat, § 893.53; *Wudtke v. Davel*, 128 F.3d 1057, 1061 (7th Cir. 1997). Federal law determines the date on which a claim accrues. *Hileman*, 367 F.3d at 696 (citing *Kelly*, 4 F.3d at 511; *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992).

A § 1983 claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Kelly,* 4 F.3d at 511. This inquiry proceeds in two steps. First, a court must identify the injury. *Id.* Next, it must determine the date on

2

which the plaintiff could have sued for that injury. That date should coincide with the date the plaintiff "knows or should know" that her rights were violated.

McCullar filed his complaint on December 13, 2004. To the extent that McCullar is complaining of events at Dodge Correctional Institution prior to his transfer on November 3, 1998, those claims are time-barred. In addition, the alleged assault by McCullar's cellmate while at Columbia Correctional Institution occurred more than six years prior to the filing of the complaint.

Next, McCullar charges that he was placed in a cell with the best friend of the person who assaulted him, and that correctional officers held him at Columbia Correctional Institution in violation of an order staying his sentence. He does not indicate when this occurred. Curiously, McCullar claims that he was released on "illegal parole" but at the same time alleges that he "continues to be held at C.C.I."[1] Finally, during jury selection on an unknown date, a bailiff allegedly slammed him "around and into the side door of the judge's chambers." McCullar asks for a total of $50 million in compensatory and punitive damages.

Even liberally construing the complaint, it is impossible to discern whether McCullar has stated a claim based in law or fact. Consequently, he may file an amended complaint indicating whether he remains on parole or in state custody, or whether his sentence has been discharged. In addition, he should identify the judgment of conviction, whether the judgment was appealed and whether he is attacking his sentence or otherwise

---

[1] Notwithstanding his allegation that he continues to be held at "C.C.I.," McCullar did not file a prisoner trust account statement and his address in the complaint is 2413 N. 6th Street in Milwaukee, Wisconsin.

3

challenging the execution of his sentence. Finally, McCullar must provide dates for any violations of his federal rights which have caused him injury within the last six-years, and identify the actors involved.

McCullar also filed a Motion for Counsel to Appointed for Plaintiff and Motion to Preserve Rights for a Jury Trial under 42 U.S.C. § 1983. Before the court can appoint counsel in a civil action, it must find that plaintiff made a reasonable effort to retain counsel and was unsuccessful or that the plaintiff was prevented from making such efforts. *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992). He is required to identify at least three lawyers who have declined to represent him before the court will find that he made reasonable efforts to secure counsel on his own, and McCullar has made no such showing. Moreover, the court must consider whether the plaintiff is competent to represent himself given the complexity of the case, and if he is not, whether the presence of counsel would make a difference in the outcome of the lawsuit. *Zarnes v. Rhodes*, 64 F.3d 285 (7th Cir. 1995) (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993)). However, it is difficult to assess Mccullar's abilities at this stage.

Finally, McCullar's request for a jury trial is duly noted. A separate motion for hearing on the motion to preserve his rights for a jury trial is unnecessary.

Now, therefore,

IT IS ORDERED that Jeffery L. McCullar's petition for leave to proceed in forma pauperis is granted.

4

Case 2:04-cv-01188-RTR    Filed 04/20/05    Page 4 of 5    Document 5

IT IS FURTHER ORDERED that McCullar shall file an amended complaint on or before May 10, 2005. Failure to file an amended complaint will result in the dismissal of this case pursuant to Civil L.R. 41.3 (E.D. Wis.).

IT IS FURTHER ORDERED that McCullar's motion to appoint counsel is denied without prejudice.

IT IS FURTHER ORDERED that McCullar's motion for trial is denied as moot.

Dated at Milwaukee, Wisconsin, this 20th day of April, 2005.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge

5

Case 2:04-cv-01188-RTR    Filed 04/20/05    Page 5 of 5    Document 5