# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEFFREY L. MCCULLAR,

   **Plaintiff,**

  **v.**             **Case No.  04-CV-1188**

ELEANOR SWOBODA sued as Eleanor Swobota,
DEBORAH L. RYCHLOWSKI, PAUL M. FRANCES,
JAMES E. SPANGBERG, JEFFREY P. ENDICOTT,
CAROL BRIONES, DR. TREEGOING,
JANET L. BARNES, JEAN KLANN,
AUDREY SKWIERAWSKI, and JIM SUTTON,

   **Defendants.**

# DECISION AND ORDER

On December 13, 2004, the *pro se* plaintiff Jeffrey L. McCullar ("McCullar") filed his original complaint. In a second amended complaint, filed on January 30, 2006, McCullar alleges that the defendants violated his civil rights by mistreating him while he was a state prisoner.[1] On February 23, 2006, McCullar filed three motions, which are now pending before the Court.

All of McCullar's pending motions may be stricken from the docket; the motions are not in compliance with the Federal Rules of Civil Procedure or this Court's Local Rules. For one thing, McCullar's motions do not indicate the rule pursuant to which he seeks relief. *See*

---

[1] On February 2, 2006, the Honorable Charles N. Clevert, Jr. entered an order recusing himself from the instant action. The case was subsequently transmitted to the Honorable Rudolph T. Randa.

United States District Court for the Eastern District of Wisconsin, Civ. L.R. 7.1(a). Nor are the motions accompanied by either a supporting brief or a certificate stating that no such brief will be filed. *Id.* Also, the motions do not indicate the date and method of service upon McCullar's adversaries. *See* United States District Court for the Eastern District of Wisconsin, Civ. L.R. 7.1(d); *see also* Fed. R. Civ. P. 5.

Substantively, McCullar's motions fare no better. His "Motion for Request for Production of Documents Etc . . ." asks the defendants to produce various documents related to his action. If this is simply a discovery request, it should not have been filed as a motion. In fact, there was no need for it to be filed with the Court at all. If the Court construes it as a motion to compel, it is premature. The Court has not yet held a scheduling conference in this action to establish a time frame for discovery. Additionally, if treated as a motion to compel, McCullar's motion does not demonstrate his compliance with this Court's meet-and-confer rule, found in Civil Local Rule 37.1. However the motion is construed, it is both formally and substantively deficient and is denied.

McCullar has also submitted a "Motion for Waiver of Copieing [sic] Fee,s [sic]." The title of the motion provides the only substantive information related to what exactly McCullar seeks. While McCullar was previously granted permission to proceed *in forma pauperis*, this does not mean that the Court foots the bill for his discovery costs. Without more information, the Court cannot discern whether McCullar's request comes within the purview of that assistance afforded by his IFP status. The Court, putting aside the motion's formal defects, simply cannot render a decision in the absence of any substantive information.

2

Finally, McCullar filed a "Motion for Damand [sic] of Speedy Jury Trial under Title 42 U.S.C. 1983." The Sixth Amendment to the Constitution of the United States establishes the right to a speedy trial in criminal actions. McCullar is a civil litigant; he is not a prisoner. If a civil litigant believes that expediency is critical to the prosecution of his action, he may express that concern during the Court's scheduling conference. If the Court ignores the "speedy" aspect of McCullar's request and views it as an attempt to request a trial by jury, it is still defective under Rule 38 of the Federal Rules of Civil Procedure because the motion was never filed consistent with Fed. R. Civ. P. 5(d). Despite these defects, the Court will recognize McCullar's request because his adversaries have requested a trial by jury in their pleading. Thus, insofar as McCullar's motion is construed as a request for a jury trial, it is granted.

The Court takes the present opportunity to inform McCullar that his *pro se* status does not exempt him from complying with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of this Court, or any orders that it may issue. Failure to follow applicable rules and/or orders in a timely fashion may result in the striking of submissions and the imposition of various sanctions, including dismissal of the action.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

McCullar's Motion for Speedy Jury Trial, construed by the Court as a request for a jury trial, (Docket No. 22) is **GRANTED**.

McCullar's Motion for Waiver of Copying Fees (Docket No. 23) is **DENIED**.

McCullar's Motion for Requests for Production of Documents (Docket No. 25) is

**DENIED**.

Dated at Milwaukee, Wisconsin, this 1st day of May, 2006.

BY THE COURT:

s/Rudolph T. Randa
HON. RUDOLPH T. RANDA
Chief Judge

4