# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEFFREY L. McCULLAR,

                Plaintiff,

                                                Case No. 04-C-1188

   -vs-

JAMES E. SPANGBERG, JEAN KLANN,
and JIM SUTTON,

                Defendants.

## DECISION AND ORDER

On November 26, 2007, the Court issued an order dismissing all but three of the initially-named defendants in this action. The Court also docketed a telephonic scheduling conference for January 29, 2008 at 10:00 a.m. (CST). The November 26 order explicitly stated that the Court would initiate the call and that McCullar should provide the Court with his phone number.

On January 15, 2008, McCullar asked for a 60-day extension because of an alleged delay in receiving the Court's November 26 Order. The Court denied this request on January 17. At that point, the scheduling conference was still docketed for January 29. However, McCullar never provided the Court with a phone number. When the time came to conduct the conference call, the defendants' attorney indicated that he does not have a phone number for Mr. McCullar, so the conference call was cancelled.

McCullar did file a letter with regard to the scheduling conference. This letter was file stamped and dated January 28, the day before the conference call was scheduled. However, the letter was not docketed for the Court's review until after 10:00 a.m. on January 29. McCullar explains in the letter that he has no access to a telephone because he cannot afford one and because of his physical and mental disabilities. McCullar also moves for appointment of counsel and demands that the Court hold an open court pre-trial scheduling conference.

Parties to civil litigation have no right to counsel. *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). In deciding whether to appoint counsel for a civil litigant, district courts should consider various factors including whether the litigant appears competent to try his own case and whether the assistance of counsel would affect the outcome of the case. *See Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Also, "as a threshold matter, a litigant must make a reasonable attempt to secure private counsel." *Zarnes*, 64 F.3d at 288. Here, the Court is not convinced that appointment of counsel would affect the outcome of this case because McCullar's claims appear to be without merit. McCullar also failed to demonstrate that he attempted to find counsel on his own behalf.[1] Therefore, McCullar's motion for appointment of counsel must be denied.

More importantly, over the course of this entire litigation, Mr. McCullar consistently disregarded the orders of this Court and failed to efficiently prosecute his case. On

---

[1] McCullar previously moved for appointment of counsel on three separate occasions and was denied all three times. (Docket Nos. 5, 8 and 13). McCullar filed letters from attorneys declining to represent him, but those filings are over two years old (Docket No. 7, 10) and do not discharge McCullar's burden for purposes of the present motion to appoint an attorney.

November 26, the Court dismissed numerous defendants because of McCullar's failure to effect proper service. The Rule 26(f) report filed by the defendants indicates that McCullar was uncooperative and basically refused to comply with the meet and confer requirements of Fed. R. Civ. P. 26(f). And now, McCullar failed to meet a basic and simple requirement imposed by the Court: providing a telephone number so the Court can conduct a scheduling conference and move this case towards resolution.

In this context, the Court will not grant McCullar's request for an open court scheduling conference. The Court's standard practice is to conduct these matters telephonically as a matter of convenience for the Court and for the parties. Further, the Rule 26(f) report indicates that McCullar contacted defense counsel on January 8 by telephone. Apparently, McCullar was able to gain access to a telephone even if he cannot afford to pay for his own.

Being a *pro se* litigant "does not give a party unbridled license to disregard clearly communicated court orders. It does not give the *pro se* litigant the discretion to choose which of the court's rules and orders it will follow, and which it will willfully disregard." *Downes v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996). McCullar's failure to effect service, failure to comply with the requirements of Fed. R. Civ. P. 26(f), and failure to participate in the Court's telephonic scheduling conference demonstrate McCullar's willful disregard of numerous rules and orders. The Court is convinced that McCullar's conduct over the course of this litigation justifies the ultimate sanction: dismissal with prejudice.

However, because of the harshness of this penalty, a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff. *See Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 907-08 (7th Cir. 2003); *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000); *Fed. Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1018-19 (7th Cir. 2000). Only the most outrageous misconduct will warrant dismissing a case without first warning the plaintiff, *see e.g. Moffitt v. Ill. State Bd. of Educ.*, 236 F.3d 868, 873 (7th Cir. 2001), and the need for a warning is greater where the plaintiff is *pro se*. *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995). Accordingly, out of an abundance of caution, the Court will re-schedule the telephonic scheduling conference call, subject to the requirements set forth below.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. McCullar's motion to appoint counsel and for an open court pretrial scheduling conference [Docket No. 62] is **DENIED**;

2. The Rule 16(b) scheduling conference is re-scheduled for **Tuesday, February 12, 2008** at **10:30 a.m. (CST)**. While the Court normally initiates this call, McCullar should call the Court at the following telephone number: (414) 297-3071. The Court will then contact defense counsel to connect them to the call;

2. **\*\*If McCullar fails to call the Court at (414) 297-3071 on Tuesday, February 12 at 10:30 a.m. (CST) to participate in the Rule 16(b) scheduling conference, this case will be dismissed with prejudice for want of prosecution.\*\***

Dated at Milwaukee, Wisconsin, this __31st__ day of January, 2008.

                                         **SO ORDERED,**

                                         **s/ Rudolph T. Randa**
                                         **HON. RUDOLPH T. RANDA**
                                         **Chief Judge**